UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

BARBARA ZINNAMON and
DWIGHT DAVIDSON, JR.,

                Plaintiffs,

    -against-

NEW YORK CITY HOUSING POLICE
(PSA2-73rd Pct),

                Defendant.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 26 2011 ★
BROOKLYN OFFICE

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

11-CV-2028 (ARR)

ROSS, United States District Judge:

On April 18, 2011, plaintiffs Barbara Zinnamon and Dwight Davidson, Jr., appearing pro se, filed this action against defendant New York City Housing Police (PSA2-73rd Pct). Plaintiffs seek damages. The court grants plaintiffs' request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed against the New York City Housing Police with leave to replead within 30 days as set forth below.

## Background

Plaintiffs' statement of claims consists of the following:

> The claim arose outside on 02/28/10 I had gotten arrested under a false pretense summons in which I responded to accordingly and the criminal court had not removed the date appearance @ court out of the computer. Defendant was indeed explained to NYCH Police before the arrest was made and my FBI official ID was stolen from them

Compl. at 2, ¶ III.[1] Plaintiffs seek "$100,000 Federal offense for stealing and possibly using my FBI official identification and not returning it since February 28, 2010." Id. ¶ IV. Although signed by both plaintiffs, the complaint does not identify to whom the events described occurred.

---

[1] The complaint is not separately paginated. The court refers to the page numbers assigned by the Electronic Case Filing system.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiffs are proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Moreover, pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## Discussion

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision has been construed to mean that New York City departments—such as the Police Service Area #2 - 73rd Precinct of the New York City Police Department—as distinct from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity). Therefore, the complaint filed against the New York City Housing Police (PSA2-73rd Pct) is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## Leave to Replead

In light of plaintiffs' pro se status, the court grants plaintiffs leave to replead in order to: (i) clarify to whom the events giving rise to the claims occurred, whether Zinnamon or Davidson or both. Each plaintiff must show that they have standing to bring this action. To establish standing, "a plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984); see also Fulani v. Bentsen, 35 F.3d 49, 51 (2d Cir. 1994), and (ii) name the individual police officers who were personally involved in the events giving rise to the claim or claims. A plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiffs do not know the names of the officers, they may identify each as Police Officer John Doe #____ from the ____ Precinct on duty ____ (provide date) at ____ (provide time) and so on, along with a physical description of the defendant, if available.

## Warning

However, before filing the amended complaint, plaintiffs must consider whether each one has a good faith basis on which to proceed in this action. The court notes that plaintiffs are no strangers to this court. See Zinnamon and Davidson v. Cablevision, No. 11-CV-2029 (ARR); Zinnamon v. USPS, 10-CV-4795 (ARR); Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR); Zinnamon o/b/o Davidson v. Sprint Wireless, No. 09-CV-5696 (CBA); Zinnamon v. Motorola, No. 09-CV-3824 (ARR); Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR); Zinnamon o/b/o Davidson v. American Mail Order, No. 09-CV-2042 (ARR); Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR); Davidson v. NYC Dep't of Social Svcs., No. 08-CV-5261 (ARR); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-

3612 (ARR); <u>Zinnamon v. NYC CCRB</u>, No. 08-CV-2155 (ARR); <u>Zinnamon v. NYCPD</u>, No. 08-CV-2153 (ARR); <u>Zinnamon v. Outstanding Bus Co.</u>, No. 08-CV-1787 (ARR); <u>Davidson v. Outstanding Bus Co.</u>, No. 08-CV-1786 (ARR); <u>Zinnamon v. PCF Newspaper</u>, No. 08-CV-1400 (ARR); <u>Zinnamon v. NYC Dep't of Educ.</u>, No. 08-CV-1399 (ARR); <u>Zinnamon v. Bridge Security</u>, No. 08-CV-1398 (ARR); <u>Zinnamon v. Bank of New York</u>, No. 06-CV-1805(ARR); <u>Zinnamon v. Bank of New York</u>, No. 98-CV-5707 (ARR).

In addition to this complaint, plaintiff Zinnamon has (a) filed numerous frivolous motions, amended complaints and correspondence in closed cases, (b) attempted to file complaints on behalf of her son, Dwight Davidson, Jr., and (c) been warned by the United States Court of Appeals for the Second Circuit against appearing on behalf of her son as she is not a licensed lawyer. <u>Zinnamon v. American Mail Order</u>, Mandate, No. 09-3383-cv (2d Cir. Dec. 18, 2009). As a result, the court has expended substantial judicial time and resources on plaintiffs' claims.

The court hereby warns plaintiffs Zinnamon and Davidson that if they continue to file non-meritorious or frivolous complaints, the court will consider sanctions, including the imposition of a filing injunction. See <u>Zinnamon v. USPS</u>, No. 10-CV-4795 (ARR), slip op. (E.D.N.Y. Jan. 28, 2011) (dismissing Zinnamon's complaint and warning that the court may issue filing injunction); <u>Zinnamon v. Cingular Wireless</u>, No. 09-CV-5699 (ARR), slip op. (E.D.N.Y. Jan. 4, 2010) (same); <u>Zinnamon v Motorola</u>, No. 09-CV-3824 (ARR), slip op. (E.D.N.Y. Sept. 11, 2009) (same); <u>Zinnamon v. Outstanding Bus Co.</u>, No. 08-CV-1787 (ARR) slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject Zinnamon to a filing injunction); <u>Davidson v. Outstanding Bus Co.</u>, No. 08-CV-1786 (ARR) slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject Davidson to a filing injunction).

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993). 28 U.S.C. § 1651(a).

## Conclusion

Accordingly, the complaint, filed in forma pauperis, is dismissed as to the New York City Housing Police (PSA2-73rd Pct) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to this defendant.

The court grants plaintiffs leave to file an amended complaint within 30 days from the entry of this order as set forth above in order to proceed with this action. If plaintiffs elect to file an amended complaint, it shall be titled "AMENDED COMPLAINT" and bear the same docket number as this order, No. 11-CV-2028. The amended complaint shall completely replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). Although plaintiffs have been granted leave to file an amended complaint, they are cautioned that the court's prior warnings against filing non-meritorious and/or frivolous complaints remain in effect.

If plaintiffs fail to file an amended complaint within the time allowed or fail to comply with this order, this action shall be dismissed, judgment shall enter, and the case shall be closed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this memorandum and order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: May 26, 2011
Brooklyn, New York

SERVICE LIST

<u>Plaintiffs Pro Se</u>
Barbara Zinnamon and Dwight Davidson, Jr.
345 Livonia Avenue Apt. 4F
Brooklyn, NY 11212